53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 J.R. WILKERSON, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant,
and
Steve LAWRENCE, Defendant-Appellee.
 No. 94-16464.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.R. Wilkerson, a California state prisoner, appeals pro se the district court's summary judgment for prison officials in Wilkerson's 42 U.S.C. Sec. 1983 action against Steve Lawrence alleging that he was denied constitutionally adequate access to the law library at Pelican Bay State Prison ("PBSP"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Wilkerson is a general population inmate at Pelican Bay State Prison. Pursuant to prison regulations, inmates usually are provided access to the prison law library within seven days of a request. Inmates with deadlines are granted Preferred Legal User ("PLU") status within thirty days of a deadline. PLU users are given priority in gaining access to the law library and are allowed up to two visits per week for approximately 2.5 hours per visit. When PBSP is in lockdown, only PLU inmates are allowed library access. Due to the decreased use of library resources during lockdown, PLU inmates have greater access and are allowed more than two visits per week.
 
 
 5
 From March 1993 through June 1993, Wilkerson had access to the law library 29 times. He was granted PLU status from March 17, 1993 through June 11, 1993. Wilkerson was transferred in June 1993 and returned to PBSP in August 1993. After returning to PBSP, Wilkerson was allowed access to the library 25 times from the period of August 1993 through November 3, 1993. He was also granted PLU status from August 26, 1993 through September 15, 1993. Wilkerson's PLU status was extended until October 15, 1993 due to a court deadline.
 
 
 6
 Wilkerson filed his section 1983 complaint on May 11, 1993, alleging that defendant Steve Lawrence[1] violated his Fourteenth Amendment right to access to the courts by restricting his access to the law library. Lawrence moved for summary judgment on November 8, 1993. The district court granted Lawrence's summary judgment motion in an order entered on August 4, 1994.
 
 II
 Standard of Review
 
 7
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam), cert. denied, 115 S.Ct. 1097 (1995). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Gizoni v. Southwest Marine, Inc., 909 F.2d 385, 387 (9th Cir.1990), aff'd, 502 U.S. 81 (1991).
 
 III
 Discussion
 
 8
 Wilkerson contends that the defendant denied him meaningful access to the courts by restricting the use of the prison law library. This contention lacks merit.
 
 
 9
 "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). "The existence of an adequate law library does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Prisoners, however, are not guaranteed unlimited access to the law library; access may be limited by time, manner, and place regulations. Id. This court has held:
 
 
 10
 A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, i.e., show a "specific instance in which [he] was actually denied access to the courts." [Sands v. Lewis, 886 F.2d 1166, at 1171 (9th Cir.1989) ].
 
 
 11
 Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994)
 
 
 12
 Wilkerson was not denied reasonable access to the prison law library. In support of his summary judgment motion, Lawrence submitted evidence asserting that Wilkerson was allowed access to the law library 54 times and was granted PLU status during the six month time period set forth above. Wilkerson failed to respond with evidence that controverted Lawrence's evidence and failed to show that he was unreasonably denied access to the law library.
 
 
 13
 Wilkerson also failed to show that he suffered an actual injury. On appeal, Wilkerson argues that because he was not allowed additional access to the law library, he had two cases dismissed. We disagree. Wilkerson was responsible for managing his personal litigation. As the district court noted, if Wilkerson did not have sufficient time to meet all of the deadlines in his numerous actions, he could have sought to gain timely extensions from the courts.
 
 
 14
 Wilkerson has failed to demonstrate that Lawrence's restrictions on his access to the law library were unreasonable or that he suffered an actual injury. See id. Therefore, the district court properly granted summary judgment for Lawrence. See Gizoni, 909 F.2d at 387.
 
 
 15
 Wilkerson also contends that the district court was biased. This contention lacks merit. Wilkerson failed to raise this issue properly in the district court. See 28 U.S.C. Secs. 144 and 455(a). Issues not raised below will not be considered for the first time on appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992).
 
 
 16
 Finally, Wilkerson's contention that the prison's indigency policy was unconstitutional lacks merit. Wilkerson failed to include this claim in his original complaint. We will not consider claims that are not raised in the plaintiff's complaint. See Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990). Further, in filing an amended complaint, Wilkerson failed to comply with the district court's prior order that allowed him to file an amended complaint solely for the purpose of curing specific deficiencies with respect to other defendants. Since Wilkerson failed to comply with the requirements of its prior order, the district court did not abuse its discretion by not considering his indigency claim when it granted summary judgment.[2] See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lawrence is the Program Administrator of PBSP, B-Facility. Other prison officials were dismissed as defendants to Wilkerson's action by order of the district court
 
 
 [2]
 It should be noted that the district court did consider this claim when it denied Wilkerson's request for injunctive relief on November 23, 1993