**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ADONAI EL-SHADDAI, AKA
James R. Wilkerson,
      *Plaintiff-Appellant*,

v.

L. D. ZAMORA, Chief
CCHCS in individual
capacity and official
capacity; P. PAK, MD in
individual capacity and
official capacity, C. WU, MD
Physician and Surgeon in
individual capacity and
official capacity,
      *Defendants*,

and

JEFFERY WANG, MD Chief
Medical Executive in
individual capacity and
official capacity, TERESA
MACIAS, Chief Executive
Officer in individual capacity
and official capacity; GLENN
THIEL, DO PHD in individual
capacity and official
capacity; C. MCCABE, MD in

No. 13-56104

D.C. No.
2:13-cv-02327-UA-JC

OPINION

individual capacity and official capacity; NGUYEN, MD in individual capacity and official capacity; EDGAR CLARK, MD Secretary Pain Committee in individual capacity and official capacity; RUFF, PHD Psychologist in individual capacity and official capacity; BURR, Physical Therapist in individual capacity and official capacity; A. ADAMS, MD Chief Physician and Surgeon in individual capacity and official capacity; P. SHANK, Chief Executive Officer in individual capacity and official capacity; P. FINANDER, MD Chief Medical Executive in individual capacity and official capacity; J. FITTER, MD in individual capacity and official capacity; W. OLUKAMNI, Physician Assistant in individual capacity and official capacity,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted April 4, 2016
Pasadena, California

Filed August 12, 2016

Before: JEROME FARRIS, CARLOS T. BEA,
and MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Prisoner Civil Rights

The panel reversed the district court's denial of a prisoner's motion to proceed in forma pauperis after the district court found that the "three-strikes" rule in the Prison Litigation Reform Act prohibited the prisoner from proceeding in forma pauperis because he had brought at least three actions that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The panel held that of the eleven potential strikes that the district court may have relied upon in finding the prisoner

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

ineligible for in forma pauperis status, only one was a valid strike under the Prison Litigation Reform Act. Therefore, the panel remanded for the district court to assess whether the prisoner was otherwise entitled to proceed in forma pauperis.

In assessing whether the prior dismissals qualified as strikes, the panel held that: (1) in an action where in forma pauperis status is denied solely on the ground that the plaintiff has accumulated too many strikes, and there has been no additional finding that the action is itself frivolous, malicious, or fails to state a claim, the denial of in forma pauperis status and subsequent dismissal of the case do not count as a strike for purposes of § 1915(g); (2) the district court's prior dismissal of an action for failure to exhaust administrative remedies, as required under the Prison Litigation Reform Act, did not count as a strike because the failure to exhaust was not clear from the face of the complaint, and the district court made no finding that the complaint was frivolous or malicious; (3) the prior summary-judgment dismissals did not count as strikes because they were not decided on the ground that the complaint was frivolous, malicious, or failed to state a claim, but rather were decided on evidentiary grounds; (4) an appellate affirmance does not count as separate strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim; and (5) actions brought pursuant to § 1983 which challenge the fact or duration of a prisoner's sentence and should be construed as habeas petitions, do not count as strikes.

**COUNSEL**

Michael Shipley (argued), Kirkland & Ellis LLP, Los Angeles, California, for Plaintiff-Appellant.

Misha D. Igra (argued) and Thomas S. Patterson, Supervising Deputy Attorneys General; Jonathan L. Wolff, Senior Assistant Attorney General; Kamala D. Harris, Attorney General; Office of the Attorney General, Sacramento, California; for Defendant-Appellee Jeffery Wang.

No appearance for Defendants-Appellees L. D. Zamora, P. Pak, C. Wu, Teresa Macias, Glenn Thiel, C. McCabe, Nguyen, Edgar Clark, Ruff, Burr, A. Adams, P. Shank, P. Finander, J. Fitter, and W. Olukamni.

**OPINION**

M. SMITH, Circuit Judge:

While incarcerated in California, Adonai El-Shaddai (previously known as James Wilkerson), filed at least eleven lawsuits against prison officials prior to filing this case. On appeal, we must decide whether these previous cases amount to at least three "strikes" under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(g), such that El-Shaddai is barred from proceeding *in forma pauperis* (IFP) in this and future cases. Because we conclude that only one of the prior actions was "dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim," *id.*, we hold that El-Shaddai has not incurred three strikes, and we reverse the contrary decision of the district court.

**FACTS AND PROCEDURAL BACKGROUND**

El-Shaddai is a prisoner incarcerated in California. In 1976, before his incarceration, he was injured in a car accident. As a result of his accident, El-Shaddai suffers from chronic back pain and related health issues. Since at least 2007, he has received a variety of accommodations for his conditions, including a bottom bunk, a back brace, orthopedic shoes, special bedding, and lifting restrictions.

In April 2011, El-Shaddai requested that the prison begin treating his pain with medical marijuana, glucosamine chondroitin, and Osteo Bi-Flex, consistent with his religious belief in African Holistic Healing. His request was denied, and his bottom-bunk accommodation was also revoked. El-Shaddai brought suit against prison officials, claiming deliberate indifference to his medical needs because they failed to grant his requested course of medical treatment and revoked his accommodation.

El-Shaddai submitted his complaint in this case in conjunction with a request to proceed IFP. The district court denied the motion, concluding that the "three-strikes" rule in the PLRA prohibited El-Shaddai from proceeding IFP because he had brought at least three actions that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The district court cited two cases that it categorized as strikes under the PLRA, and noted that one of those cases, *Wilkerson v. Prunty*, Civ. No. 96-1222B (S.D. Cal. Oct. 28, 1997) (*Prunty I*) listed several other strikes. The district court also found that El-Shaddai had not shown that he was entitled to the "imminent danger" exception to the three-strikes rule. *See* 28 U.S.C. § 1915(g).

In response to El-Shaddai's motion for reconsideration, the district court explicitly found three additional cases to be strikes. Counting all of the cases cited in the district court's two orders, as well as all of the cases identified as strikes in *Prunty I*, there are eleven potential strikes that the district court may have relied on in finding El-Shaddai ineligible for IFP status. El-Shaddai timely appealed the denial of his motion for reconsideration.[1]

## ANALYSIS

The PLRA provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Not all

---

[1] Although El-Shaddai's notice of appeal stated that he was appealing only the district court's order denying his motion for reconsideration, we construe the appeal to encompass the district court's original order denying IFP status. "[T]he rule is well settled that a mistake in designating the judgment appealed from should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981). Here, El-Shaddai filed the notice of appeal pro se, his motion for reconsideration fairly referenced the district court's order denying IFP status and the reasons for that decision, an appeal from the district court's order denying IFP status would have been timely, and both parties have fully briefed the merits of the district court's order which denied IFP status. As a result, we do not restrict our analysis to the district court's order which denied El-Shaddai's motion for reconsideration. *See id.*

unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

As a general matter, when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013); *see also Andrews*, 398 F.3d at 1121; *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007).

El-Shaddai concedes that he has one strike. In *Popke*, the district court dismissed the case on the grounds that El-Shaddai failed to state a claim for relief under 42 U.S.C. § 1983. This appeal addresses whether the ten other cases were dismissed on one of the grounds enumerated in the statute. Those cases were disposed of on several different procedural postures: through denials of motions to proceed IFP, rulings that El-Shaddai had failed to exhaust his administrative remedies, grants of summary judgment in favor of the defendants, appellate affirmances, and dismissals for filing actions that should have been brought as habeas petitions. We address each category of dismissal in turn.

## I.   Denial of IFP Status

In four of the cases that are potential strikes, El-Shaddai was denied IFP status on the basis that he had already accumulated three strikes. After he failed to pay the required filing fee, the cases were dismissed. We hold that this ground for dismissal does not count as a strike. Where a dismissal is based solely on a finding that the plaintiff has previously incurred at least three strikes, without any additional finding that the instant action is itself frivolous, malicious, or fails to state a claim, the dismissal does not count as an additional strike. This is so because having incurred three strikes, standing alone, is not an enumerated ground for creating an additional strike under the language of § 1915(g).

We have previously held that "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (alteration in original). Thus, a dismissal predicated on a denial of IFP status may be strike-worthy. *Id.* But that does not mean that *all* dismissals predicated on denials of IFP status are strikes; to constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute. Where IFP status is denied solely on the ground that the plaintiff has accumulated too many strikes, the denial of IFP status and subsequent dismissal of the case do not count as a strike for purposes of § 1915(g). Rather, denying IFP status simply because the plaintiff has too many strikes is unrelated to whether the action before the court is frivolous,

malicious, or fails to state a claim. That is because the three-strikes rule applies regardless of whether the plaintiff's current claim is well-pleaded or brought in good faith. *See* 28 U.S.C. § 1915(g) (providing that "[i]n *no event* shall a prisoner" proceed IFP if he has incurred three or more strikes, unless he meets the "imminent danger" exception (emphasis added)).

Four of the dismissals that the district court identified as strikes against El-Shaddai follow this fact pattern. In *Prunty I*, the district court dismissed El-Shaddai's case on two alternative grounds,[2] one of which was that "Plaintiff is a vexatious litigant not entitled to *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g)." The district court did not rule that *Prunty I* itself was frivolous, malicious or failed to state a claim.

El-Shaddai appealed from *Prunty I* in *Wilkerson v. Prunty*, No. 98-55154 (9th Cir. Apr. 2, 1998) (*Prunty II*). We denied IFP status on appeal, concluding that "the record confirms that appellant is not entitled to in forma pauperis status for this appeal. . . . Failure to pay the [filing] fees will result in the automatic dismissal of the appeal by the Clerk for failure to prosecute." El-Shaddai failed to pay, and the appeal was dismissed. We did not make any finding that the appeal itself fell within one of the enumerated grounds of § 1915(g).

In *El-Shaddai v. Woodford*, No. 08-CV-2429 (E.D. Cal. June 18, 2009) (*Woodford*), the district court denied IFP

---

[2] We address whether the second justification for dismissal in *Prunty I*—failure to exhaust administrative remedies—is a strike-worthy dismissal in Part II of this opinion.

status again because it concluded that El-Shaddai had accumulated too many strikes. Not only did the *Woodford* court not rule that El-Shaddai's claim fell within one of the enumerated grounds, it affirmatively noted that El-Shaddai had successfully "stated plausible procedural due process claims."

Finally, in *El-Shaddai v. Doyle*, No. 1:10-CV-01159, 2011 WL 3875478 (E.D. Cal. Aug. 31, 2011) ("*Doyle*"), the district court similarly denied IFP status because it concluded that El-Shaddai had accrued too many strikes, without addressing the merits of his case.

Because the grounds for dismissal in *Prunty I*, *Woodford*, and *Doyle* were that El-Shaddai had incurred too many strikes, and not because the cases were themselves frivolous, malicious, or failed to state a claim, they do not count as separate strikes against El-Shaddai. Similarly, in *Prunty II*, we did not dismiss the appeal under one of the three enumerated grounds, and it does not count as a strike.

## II. Failure to Exhaust Administrative Remedies

The alternative basis on which the district court dismissed El-Shaddai's action in *Prunty I* was that he had "failed to exhaust all available non-judicial administrative remedies prior to filing suit," as required by the PLRA.[3] The district court in *Prunty I* ruled that the case could be dismissed via a pre-answer "non-enumerated 12(b) motion."

---

[3] An alternative ground for dismissal can create a strike when it is "a fully sufficient condition . . . for a dismissal with prejudice." *O'Neal*, 531 F.3d at 1156.

The phrase "fails to state a claim upon which relief may be granted" from § 1915(g) purposely "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews*, 398 F.3d at 1121 (internal quotation marks omitted). Thus, if a claim is dismissed for failure to state a claim under rule 12(b)(6), it counts as a strike for PLRA purposes. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Under the PLRA, a plaintiff must exhaust all administrative remedies before bringing suit against prison officials, but is not required to affirmatively allege that he has done so in order to state a cognizable claim. *Id.* Instead, failure to exhaust is an affirmative defense. *Id.*; *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

Notwithstanding the fact that failure to exhaust is an affirmative defense, a "complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Jones*, 549 U.S. at 215 (alteration in *Jones*) (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)); *see also Albino*, 747 F.3d at 1169 ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim."); *Thompson*, 492 F.3d at 438 ("[E]ven when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face.").

In *Prunty I*, the district court considered documents outside the four corners of the complaint in finding that El-Shaddai had failed to exhaust his administrative remedies. The district court did *not* dismiss El-Shaddai's claim because

a failure to exhaust was "clear from the face of the complaint," *Albino*, 747 F.3d at 1169, which would have been sufficient to dismiss under 12(b)(6). The district court also made no finding that the complaint was frivolous or malicious. Thus, this alternative basis for dismissal in *Prunty I* does not count as a strike.

## III.    Summary Judgment

Three of El-Shaddai's potential strikes were not disposed of on a motion to dismiss; instead, they were resolved by summary judgment in favor of the defendants. We hold that the summary-judgment dismissals at issue here do not count as strikes, because they were not decided on the ground that the complaint was frivolous, malicious, or failed to state a claim.[4]

This reasoning is consistent with our holding in *Richey v. Dahne*, 807 F.3d 1202 (9th Cir. 2015). In *Richey*, the district court granted a motion to dismiss, but did not limit its analysis to the four corners of the pleadings. *Id.* at 1207–08.

---

[4] In doing so, we do not hold that *no* summary-judgment disposition could ever count as a strike. We agree with other circuits that have held that where an order explicitly states summary judgment is proper because the case is frivolous, malicious, or fails to state a claim, the dismissal counts as a strike. *Blakely*, 738 F.3d at 613; *see also Byrd*, 715 F.3d at 126; *Thompson*, 492 F.3d at 436. This is consistent with our reasoning in *Andrews*, in which we stated that it is not the style or procedural posture of a dismissal that is dispositive, but whether we can determine, "after careful evaluation of the order . . . and other relevant information," that the district court dismissed the case on one of the grounds enumerated in § 1915(g). 398 F.3d at 1121. The Fourth Circuit in *Blakely* noted, however, that it would be a rare summary judgment order that fits this criteria because "at that point, frivolousness, maliciousness, and failure to state a claim are not typically addressed." 738 F.3d at 614.

Instead, it considered evidence submitted by the parties in reaching its decision. *Id.* We construed its order as a grant of summary judgment, and concluded that "[c]onsequently, it was not a strike under the PLRA." *Id.* at 1208. The underlying principle is that we must decide whether the case was disposed of because the complaint was frivolous, malicious, or failed to state a claim, regardless of how the district court labels its decision. The summary-judgment orders against El-Shaddai were not based on one of these grounds, and do not count as strikes.

In *Wilkerson v. Lawrence*, No. 93-CV-1732, 1994 WL 412441 (N.D. Cal. Aug. 3, 1994) (*Lawrence*), El-Shaddai claimed that prison officials had restricted his access to the prison law library such that he did not have meaningful access to the courts. This allegation, taken as true, stated a claim for relief. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). The district court acknowledged that "[p]risoners possess the constitutional right of meaningful access to the courts," and that right is abridged if "inmates are not allowed a reasonable amount of time to use a law library." On summary judgment, however, El-Shaddai failed to "establish that he ha[d] suffered an actual injury." Specifically, the evidence reviewed by the district court showed that he had accessed the law library "fifty-four times over a period of approximately six months." The district court concluded that this did not create a genuine issue of material fact concerning whether his access to the law library was unconstitutionally restricted. In this context, it is clear that the district court did not grant summary judgment on a ground enumerated by the PLRA—it granted summary judgment because the evidence did not support the claim. *Lawrence* does not count as a strike.

In *Wilkerson v. Marshall*, No. 94-CV-0009, 1994 WL 564650 (N.D. Cal. Oct. 3, 1994) (*Marshall I*) El-Shaddai raised claims that prison officials were deliberately indifferent to his medical needs. The district court noted that "[d]eliberate indifference to serious medical needs presents a cognizable claim" where "prison officials deny, delay, or intentionally interfere with medical treatment." Based on the evidence presented by the defendants at summary judgment, the court concluded that El-Shaddai's allegations lacked merit because the court could "not find any similarity between the acts performed by the defendants in this case and those in which courts have previously found Eighth Amendment violations." Because summary judgment was granted on evidentiary grounds, rather than for frivolousness, maliciousness, or failure to state a claim, *Marshall I* does not count as a strike.

In *Wilkerson v. Smith*, No. 94-CV-3962, 1996 WL 432324 (N.D. Cal. July 23, 1996) (*Smith*), El-Shaddai brought two claims. He alleged again that prison officials denied him sufficient access to the law library, and also alleged that prison officials had retaliated against him for filing civil-rights suits by "manipulating" his trust account. The district court dismissed the law library claim and granted summary judgment on the retaliation claim. Although the first claim was nominally decided on a motion to dismiss, the substance of the disposition shows that the district court actually decided both claims based on the "facts presented in . . . summary judgment papers," and evidence beyond the pleadings. As a result, we construe the full disposition as a grant of summary judgment, which does not count as a strike. *See Richey*, 807 F.3d at 1208.

## IV.    Appellate Affirmance

Another one of El-Shaddai's potential strikes involved his appeal of the dismissal of an action, in which we affirmed the decision of the district court. We hold that where an appellate decision simply affirms the district court, and does not dismiss the appeal on a statutorily enumerated ground, the appellate decision does not count as a separate strike.

The PLRA defines a strike-worthy dismissal as an "action *or appeal* in a court of the United States that was *dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added). As the D.C. Circuit noted in *Thompson*, the statute "speaks only of dismissals, not affirmances. The choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship." 492 F.3d at 436. Again, the style of the disposition is not determinative. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) ("[T]he procedural mechanism or Rule by which the [appellate] dismissal is accomplished, while informative, is not dispositive."). "To be sure, we can easily imagine a case in which an appellate court expressly states that an appeal was frivolous but erroneously styles its disposition as an affirmance rather than as a dismissal." *Thompson*, 492 F.3d at 436. We agree with the D.C. Circuit that "[a]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *Id.* at 440.

This holding is consistent with the reasoning we adopted in *Knapp*. In that case, we held that two dismissed appeals counted as strikes "because they relied on district court findings that the appeal '[was] not taken in good faith,' and

lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." *Knapp*, 738 F.3d at 1110 (footnote and citations omitted). This strongly implies that where the appellate disposition does *not* conclude that the appeal itself is frivolous or malicious, it does not count as a separate strike.

*Wilkerson v. Marshall*, 53 F.3d 341 (9th Cir. 1995) (unpublished table decision) (*Marshall II*) affirmed the district court's grant of summary judgment in *Lawrence*. We directly reviewed the summary-judgment order on its merits, looking to the substance of El-Shaddai's claim that he was unconstitutionally denied access to the law library. *Id.* The decision does not state that the appeal itself was frivolous, malicious, or failed to state a claim, and does not adopt any certification of the district court that an appeal would be brought in bad faith. *Cf. Knapp*, 738 F.3d at 1110. *Marshall II* does not count as a strike.

## V. Would-Be Habeas Petitions

When a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus. *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989). When a habeas petition is dismissed, that disposition cannot count as a strike under the PLRA because the "PLRA's revised [in] forma pauperis provisions relating to prisoners do not apply to habeas proceedings." *Andrews*, 398 F.3d at 1122 (alteration in original) (internal quotation marks omitted) (quoting *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997)). "[T]he language of § 1915(g) does not encompass habeas petitions," because "Congress intended § 1915(g) to address civil rights and prison condition cases, not habeas petitions." *Id.*

El-Shaddai filed two actions alleging that parole officials were arbitrarily refusing to set his parole eligibility date. In *Wilkerson v. Gillis*, No. 94-CV-3278, 1995 WL 84197 (N.D. Cal. Feb. 21, 1995) (*Gillis*), El-Shaddai brought this claim pursuant to 42 U.S.C. § 1983. The district court held that such a suit challenged the duration of his confinement, and thus his sole remedy was a habeas petition. The district court thus dismissed the suit without prejudice, and indicated that El-Shaddai could file his claim as a habeas petition after he had exhausted all of his state remedies. In *Wilkerson v. Nelson*, No. 95-CV-0248, 1995 WL 251147 (N.D. Cal. Apr. 25, 1995) (*Nelson*), El-Shaddai brought the same claim as a petition for a writ of mandamus to compel parole officials to promptly "assign him a fixed primary term and parole release date." The district court similarly dismissed the petition, because the remedy sought sounded in habeas.

Although it is correct that El-Shaddai's claims in *Gillis* and *Nelson* were not cognizable under the form of suit that El-Shaddai chose to use, they were both, in essence, habeas claims. Our circuit's case law directs district courts to construe § 1983 claims challenging the fact or duration of the plaintiff's sentence as a petition for habeas corpus when the "complaint evince[s] a clear intention to state a habeas claim." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *see Tucker v. Carlson*, 925 F.2d 330, 332 & n.2 (9th Cir. 1991). Had the district court in *Gillis* and *Nelson* done so, it would have construed each case as a habeas petition and dismissed them as premature because El-Shaddai had not yet exhausted his state remedies. Such a dismissal would not have counted as a strike. *Andrews*, 398 F.3d at 1122–23.

Furthermore, we recognized in *Andrews* that we should look to the substance of the dismissed lawsuit in order to determine whether it can be counted as a "strike." *Id.* at 1122 n.12. We recognized that "some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)." *Id.* In that case, we held that it would be proper for the district court to "determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g)." *Id.* We recognize that the opposite can also be true: a habeas petition can be mislabeled as a § 1983 claim (either inadvertently, or as a strategy to avoid the significant substantive hurdles of our habeas jurisprudence). In such a case, it follows that the mislabeled habeas petition should be considered such for purposes of the PLRA, and that it should not count as a strike. *Gillis* was, in substance, a habeas petition that the district court dismissed for failure to exhaust state remedies, and does not constitute a strike.

*Nelson* was likewise a mislabeled habeas petition. The mandamus petition sought relief that could be obtained only on habeas and, as in *Gillis*, the district court dismissed the case without prejudice to allow El-Shaddai the opportunity to exhaust his state remedies and then bring a habeas petition. Unlike habeas petitions mislabeled as § 1983 claims, however, our case law does not specifically indicate that district courts should construe mislabeled mandamus petitions as habeas petitions. But we need not decide that issue to analyze the dismissal in *Nelson*, because the petition for a writ of mandamus in *Nelson* is criminal, not civil, in nature and is thus not the proper basis for a PLRA strike.

In our concurrently-issued opinion *Washington v. Los Angeles County Sheriff's Department*, No. 13-56647 (9th Cir.

Aug. 12, 2016), we adopted a framework for determining when a petition for writ of mandamus is civil or criminal in nature for PLRA purposes. In *Washington*, we held that mandamus, as a common-law writ that functions in some respects like an appeal, is not categorically either civil or criminal. *Id.* at 19–20. Instead, its characterization depends on the nature of the underlying claim. A writ of mandamus against a judge presiding in the petitioner's civil prison litigation, for instance, would function like a civil appeal and could properly be counted as a strike under the PLRA. *Id.* at 19 (citing *Martin v. United States*, 96 F.3d 853, 854–55 (7th Cir. 1996)). "A petition for mandamus in a criminal proceeding," however, "is not a form of [civil] prison litigation," *Martin*, 96 F.3d at 854, and would not be susceptible to being counted as a strike. Here, *Nelson* directly challenged El-Shaddai's sentence and parole terms. As it challenged the duration of his criminal sentence, it was like a habeas petition and outside of the scope of the PLRA. *Nelson* does not count as a strike.

## CONCLUSION

Of the eleven potential strikes that the district court could have relied upon in denying El-Shaddai's motion for reconsideration, only one is a valid strike under the PLRA. Therefore, we **REVERSE** the decision of the district court, and **REMAND** for the district court to assess whether El-Shaddai is otherwise entitled to proceed *in forma pauperis*.