NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAKA, AKA Timothy L. Malumphy, | No. 15-15486 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-02253-SMM |
| v. | |
| CHARLES L. RYAN, named as Chuck Ryan, Director, AZ Department of Corrections at Central Office, Phoenix, AZ; DENNIS G. CHENAIL, named as Dennis Chenail; Facility Health Adminstrator at Yuma Complex, San Luis, AZ, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Arizona state prisoner Shaka, AKA Timothy L. Malumphy, appeals pro se

from the district court's summary judgment and dismissal order in his 42 U.S.C.

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

Dismissal of Count I alleging ex post facto, due process and equal protection claims was proper because success on these claims would necessarily imply the invalidity of Shaka's sentence, and Shaka failed to allege that his sentence had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) ("When a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus.").

The district court properly granted summary judgment on Shaka's medical deliberate indifference claim because Shaka failed to raise a genuine dispute of material fact as to whether defendant Chenail was deliberately indifferent in his response to Shaka's request for orthopedic care, and whether defendant Ryan knew of Shaka's medical needs and acted with conscious disregard. *See Farmer v.*

15-15486

*Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety"); *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc) ("A prison medical official who fails to provide needed treatment because he lacks the necessary resources can hardly be said to have intended to punish the inmate.").

The district court properly granted summary judgment on Shaka's Eighth Amendment failure-to-protect claim against defendants Benavidez and Felkins because Shaka failed to raise a genuine dispute of material fact as to whether these defendants acted with deliberate indifference to his safety. *See Farmer*, 511 U.S. at 837.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**