NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN LYNN FERNANDEZ,

Plaintiff-Appellant,

v.

ISIDRO BACA; et al.,

Defendants-Appellees.

No. 17-16525

D.C. No. 3:16-cv-00350-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Kevin Lynn Fernandez, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the filing fee after denying Fernandez in forma pauperis status ("IFP"). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

interpretation and application of § 1915(g). *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). We reverse and remand.

The district court denied Fernandez IFP status on the basis that Fernandez had filed four prior actions or appeals in federal court that were dismissed for being frivolous or malicious, or for failing to state a claim. However, the district court improperly counted *Fernandez v. North Dakota Department of Corrections and Rehabilitation, et al.*, Case No. 14-1790 (8th Cir. 2014) as a strike because "appellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (citation and internal quotation marks omitted)).

Moreover, one of the dismissals relied on by the district court as a strike, *Fernandez v. State of Nevada, et al.*, Case No 3:06-CV-00511-BES-(VPC) (D. Nev. January 29, 2007), involved removal of the case from state court by a party other than Fernandez. In *Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017), which was decided after the district court's dismissal of this action, this court held that dismissal of a case removed from state court by a party other than a prisoner cannot constitute a strike under § 1915(g).

17-16525

We therefore reverse the judgment and remand for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**