NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY A. BURTON, | No.    13-17541 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-03158-JST |
| v. | |
| BRIAN LEE, CSR; SUZAN HUBBARD, Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted April 10, 2018
Pasadena, California

Before:  BEA and MURGUIA, Circuit Judges, and KEELEY,** District Judge.

California state prisoner Jerry A. Burton appeals the district court's order

revoking his in forma pauperis ("IFP") status and dismissing his civil rights action

against employees of the California Department of Corrections, in which Burton

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

alleges he was placed in the secure housing unit ("SHU") based on his erroneous identification as a gang member. The district court dismissed the action as barred by the "three strikes" rule under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). We conclude that we have jurisdiction over the present appeal under 28 U.S.C. § 1291, and we reverse and remand.

1. We reject Defendants-Appellees' argument that we lack jurisdiction because Burton did not file a notice of appeal within 30 days of the district court's dismissal order. Under Rule 4(a) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed in a civil action within 30 days after the entry of judgment. Fed. R. App. P. 4(a)(1)(A); *see also* 28 U.S.C. § 2107. Generally speaking, judgment is deemed "entered" when the district court files a separate document setting forth the judgment. *See* Fed. R. Civ. P. 58(a), (c). Where a separate judgment is required but never filed by the district court, judgment is deemed "entered" 150 days after the entry of the final order. Fed. R. Civ. P. 58(c)(2)(B). Here, although the district court entered its order dismissing Burton's claim and revoking IFP status on November 1, 2013, it never filed a separate document setting forth its judgment. Accordingly, judgment was not deemed entered until 150 days after November 1, 2013. Burton's notice of appeal, filed[1] on

---

[1] "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v. LaMarque*, 319 F.3d 1199, 1201

2

December 5, 2013, fell well within the permissible time for filing under Rule 58. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 382–84 (1978) (per curiam) (the filing of a notice of appeal before the entry of judgment waives the separate document requirement, but does not deprive the appellate court of jurisdiction); *see also* Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order.").

Defendants-Appellees cite *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005), for the proposition that a separate judgment is not required for an order revoking IFP status. This argument is unavailing. *Andrews* held that an order revoking IFP status is a final order for the purposes of 28 U.S.C. § 1291. *Id.* However, finality does not affect the separate judgment requirement under Rule 58. *See Bankers Trust Co.*, 435 U.S. at 382–84. We therefore conclude that Burton's notice of appeal, filed on December 5, 2013, was timely, and we accordingly have jurisdiction over the present appeal. *See Washington v. Ryan*, 833 F.3d 1087, 1089 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1581 (2017); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007).

2. The district court erred in revoking Burton's IFP status and dismissing

---

(9th Cir. 2003). Here, Burton's sworn proof of service shows the notice of appeal was delivered to prison officials on December 5, 2013.

Burton's complaint as barred by the PLRA's three strikes rule. Reviewing de novo, we conclude that *Burton v. Baca, et. al.*, No. 2:08-cv-04546-UA-CW (C.D. Cal. July 11, 2008) ("*Baca I*"), and *Burton v. Baca*, No. 2:08-cv-05746-UA-CW (C.D. Cal. Sept. 3, 2008) ("*Baca II*"), did not constitute strikes under § 1915(g) of the PLRA.

First, *Baca I* is not a strike because Burton's claims, though brought under 42 U.S.C. § 1983, sounded in habeas. In *Baca I*, Burton alleged that defendant prison officials were illegally holding Burton for crimes for which he had not yet been arrested, booked or charged, in violation of the Eighth and Fourteenth Amendments. Burton requested damages, as well as declaratory and injunctive relief. The district court dismissed Burton's complaint, concluding that Burton's allegations necessarily challenged the validity of his 1990 conviction for first-degree murder under Cal. Penal Code § 187(a), citing this Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).[2] However, as this Court recently held, "[w]hen we are presented with multiple claims within a single action, we assess a PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason under the Act." *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th

_____

[2] In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that a claim for damages that either alleges unconstitutional conviction or imprisonment or harm that would render a conviction or sentence invalid is not cognizable under § 1983.

4

Cir. 2016) (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007)).

Although Burton styled his complaint as a § 1983 action and sought damages, his claims sounded in habeas and he requested injunctive relief. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) ("When a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus."). This is the type of "mixed" claim that we have held does not count as a strike under the PLRA. *See Washington*, 833 F.3d at 1056–57; *see also Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997). The fact that *Baca I* may have been strategically brought under 42 U.S.C. § 1983 to avoid the hurdles of our habeas jurisprudence is irrelevant. *See El-Shaddai*, 833 F.3d at 1047.

Second, the district court erred in concluding *Baca II* was a separate strike from *Baca I*. There is no evidence that Burton initiated *Baca II* as a separate action from *Baca I*, or that the filing was "frivolous" or "malicious," for the purposes of the PLRA. Instead, our review of the dockets in *Baca I* and *Baca II* reveals that the district court opened *Baca II* upon receiving an IFP application that Burton intended to file in *Baca I*. Without any further activity from Burton, the district court dismissed *Baca II* as barred by *Heck v. Humphrey*. Attached to the district court's dismissal order is a complaint that is identical to that filed in *Baca I*. Although Defendants-Appellees suggest that Burton intentionally filed an identical complaint as a second frivolous action, the face of the complaint in *Baca II* reveals

5

that the clerk received, lodged, and returned the complaint after the case had already been dismissed. This suggests administrative error—not a frivolous or malicious filing by Burton. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) ("A claim is 'frivolous' when it is without 'basis in law or fact,' and 'malicious' when it is filed with the intention or desire to harm another." (quoting *Andrews*, 398 F.3d at 1121)).

Accordingly, we conclude that the district court erred when it found that both *Baca I* and *Baca II* were strikes under the PLRA. As the district court did not identify any other qualifying strikes, we vacate the dismissal of Burton's civil rights action and remand for further proceedings.

**REVERSED and REMANDED.**