**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-15875 |
| Plaintiff-Appellee, | D.C. Nos. 1:18-cv-00101-HG |
| | 1:08-cr-00059-HG-3 |
| v. | |
| HOLOAKI SIONE MATEIALONA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted February 19, 2019[**]

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Federal prisoner Holoaki Sione Mateialona appeals pro se from the district

court's order finding that Mateialona withdrew his post-judgment petition and

closing his case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mateialona contends that the district court erred by construing his petition

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Mateialona's
request for oral argument is denied.

for judicial notice of adjudicative facts as a 28 U.S.C. § 2255 motion and closing his case, without conducting a hearing under Federal Rule of Evidence 201. The court did not err. Mateialona's petition, although styled as a request for judicial notice, challenged the authority of the prosecutors in his criminal case to prosecute him. This claim sounds in habeas. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016). The district court thus properly informed Mateialona that it intended to construe this petition as a section 2255 motion, gave Mateialona the proper advisements, and provided him an opportunity to respond. *See Castro v. United States*, 540 U.S. 375, 383 (2003). When Mateialona responded that he did not wish to challenge the legality of his conviction or sentence, the court properly concluded that the petition had been withdrawn. *See El-Shaddai*, 833 F.3d at 1046 ("When a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus."); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079-80 (9th Cir. 2001) (where petitioner's claims are cognizable under section 2255, he may not circumvent the limitations imposed by that statute by seeking another form of relief). The petition having been withdrawn, Mateialona was not entitled to an evidentiary hearing.

**AFFIRMED.**