NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES HENRY GREEN, | No. 16-15903 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00245-RCJ-VPC |
| v. | |
| ROMEO ARANAS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Before: GOULD and NGUYEN, Circuit Judges, and MARBLEY,** District Judge.

James Henry Green, a state prisoner, appeals the denial of his *in forma pauperis* ("IFP") status under the Prison Litigation Reform Act's ("PLRA") three strikes provision, 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

§ 1291.  Reviewing interpretations of § 1915(g) de novo, *see Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005), we reverse and remand.

Pursuant to § 1915(g), a prisoner who has suffered three "strikes"—that is, had at least three prior actions dismissed on the ground that the action was frivolous, malicious, or failed to state a claim upon which relief may be granted— is no longer permitted to file an action *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Partial dismissals for a non-enumerated reason will save an entire suit from counting as a strike.  *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016).

Green concedes that he has two prior strikes.[1]  He argues, however, that *Green v. Cox*, No. 3:09-cv-206 (D. Nev. Oct 21, 2011) and *Green v. Baker*, No. 14-cv-261 (D. Nev. Feb. 10, 2015) (*"Baker I"*) do not qualify as strikes.  In *Cox*, one of Green's claims was resolved at summary judgment, and the district court did not state that the claim was frivolous, malicious, or failed to state a claim.  The dismissal was therefore not a strike.  *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 n.4 (9th Cir. 2016) (noting that only a rare summary judgment order that

---

[1] Those cases are (1) *Cox*, *Green v. Dooley*, No. 11-17720 (9th Cir. Mar. 14, 2012); and (2) *Green v. Baker*, No. 15-15479 (9th Cir. Jun. 10 & 14, 2015).

2

explicitly finds the case is frivolous, malicious, or fails to state a claim could count as a strike).

In *Baker I*, the district court dismissed Green's case because there was a parallel state court action. Abstention dismissals under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813–14, 817–19 (1976) are more analogous to Federal Rule of Civil Procedure 12(b)(1) dismissals for lack of subject matter jurisdiction than for Rule 12(b)(6) dismissals for failure to state a claim. *Cf. Washington*, 833 F.3d at 1058 (recognizing that a type of abstention dismissal is similar to a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)). Rule 12(b)(1) dismissals do not give rise to strikes. *See id.; Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011). A dismissal based on abstention also does not equate to frivolity or maliciousness. Thus, *Baker I* does not qualify as a prior strike.

Because we find that Green has accrued only two prior strikes, we need not address whether this suit would qualify under the exception to the three strikes rule due to imminent danger of physical injury. Therefore, Green may proceed in this suit with IFP status as long as he is otherwise entitled to the status.

**REVERSED AND REMANDED.**