NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT J. LUMPKIN,

                Plaintiff-Appellant,

  v.

JASON SALT, Deputy; et al.,

                Defendants-Appellees.

No. 19-35416

D.C. No. 2:18-cv-00330-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

      Robert J. Lumpkin appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising out

of his booking at Snohomish County Jail. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1098, 1104 (9th Cir. 2016). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment because Lumpkin failed to raise a genuine dispute of material fact as to whether defendants committed any constitutional violation when they removed some of his clothing during a strip search for contraband in the public area of the jail. *See Bearchild v. Cobban*, 947 F.3d 1130, 1144-45 (9th Cir. 2020) (requirements of Eighth Amendment sexual harassment claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-69 (9th Cir. 2016) (requirements of Fourteenth Amendment deliberate indifference claim); *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc) (requirements of Fourth Amendment privacy claim).

Contrary to Lumpkin's contentions, the district court did not err in declining to address his excessive force claim which was raised for the first time in his opposition to summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (holding that allowing the plaintiffs to proceed with a new theory of liability at summary judgment after the close of discovery would prejudice the defendants).

The district court did not abuse its discretion by denying Lumpkin's motion to amend his complaint to add excessive force and due process claims because Lumpkin's request for leave to amend was untimely under the district court's pretrial scheduling order, and thus Lumpkin could only modify the schedule for

2                                                                                          19-35416

"good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

However, the district court improperly assessed a strike for purposes of 28 U.S.C. § 1915(g), because the district court had concluded that Lumpkin failed to raise a genuine dispute of material fact on any of his claims, and thus defendants were entitled to summary judgment. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016). We reverse the judgment as to the district court's assessment of a strike only, and remand for the district court remove the language counting the case as a strike.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part, and REMANDED.**