**NOT FOR PUBLICATION**

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

THOMAS W.S. RICHEY,

        Plaintiff - Appellant,

    v.

DOUGLAS THAUT,

        Defendant - Appellee.

No. 12-35254

D.C. No. 3:11-cv-05680-RBL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    Washington state prisoner Thomas W.S. Richey appeals pro se from the

district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action

for failure to exhaust administrative remedies as required by the Prison Litigation

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust and for clear error any underlying factual findings. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed Richey's action without prejudice because Richey failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (requiring proper and timely exhaustion of prisoner claims). The district court did not clearly err in finding that Richey was required to appeal the non-grievability determination to the grievance program manager and failed to do so. *Cf. Sapp*, 623 F.3d at 822-23 (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

**AFFIRMED.**