**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THOMAS W.S. RICHEY,
*Plaintiff-Appellant*,

v.

D. DAHNE,

*Defendant-Appellee*.

No. 12-36045

D.C. No.
3:12-cv-05060-
BHS

OPINION

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted
October 16, 2015—Seattle, Washington

Filed December 8, 2015

Before: William A. Fletcher and Ronald M. Gould, Circuit
Judges, and David A. Ezra,[*] District Judge.

Opinion by Judge Gould

---

[*] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

## SUMMARY[**]

### Prisoner Civil Rights

The panel denied a motion filed by the appellee which sought to revoke appellant's in forma pauperis status on appeal under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and the panel also reversed, in an unpublished memorandum disposition filed jointly with its opinion, the district court's dismissal of appellant's lawsuit for failure to state a claim, and remanded.

The panel rejected appellee's contention that appellant did not qualify for in forma pauperis status because he had received four strikes before filing his appeal. Addressing the first strike, the panel held that a magistrate judge's March 2012 dismissal of appellant's action did not qualify as a strike for frivolousness because neither an appeals panel nor subsequent judges followed the magistrate judge's reasoning, indicating that reasonable judges differed on the merits. The panel further determined that the magistrate judge's March 2012 dismissal could not be considered a strike for failure to state a claim because the magistrate considered evidence submitted by the defendant when making her decision. The panel therefore construed the March 2012 dismissal as a grant of summary judgment to the defendant.

The panel agreed that appellant had acquired two strikes in another case. Addressing an issue left open by the Supreme Court's recent decision in *Coleman v. Tollefson*, 135

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

S. Ct. 1759 (2015), the panel held that a prisoner is entitled to in forma pauperis status on appeal from the trial court's dismissal of a third-strike lawsuit. The panel concluded that the district court's dismissal of the complaint in this case did not constitute a "prior occasion" under the Prison Litigation Reform Act, and that therefore appellant had not accumulated a third strike before he filed this appeal.

## COUNSEL

Edward A. Piper, Stoel Rives LLP, Portland, Oregon, for Plaintiff-Appellant.

Haley Beach (argued), Assistant Attorney General, Corrections Division; Robert W. Ferguson, Attorney General, Washington State Office of the Attorney General, Olympia, Washington, for Defendant-Appellee.

## OPINION

GOULD, Circuit Judge:

Thomas W.S. Richey appeals from the district court's dismissal of his civil rights action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motions panel granted Richey's motion for in forma pauperis (IFP) status on appeal. Dahne later filed a motion to revoke Richey's IFP status under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Dahne's motion raises the question whether a prisoner may maintain IFP status when appealing the dismissal of his third-strike lawsuit, an issue left open by the Supreme Court's

recent decision in *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764–65 (2015). Because we conclude that the PLRA does not bar a prisoner from receiving IFP status on appeal of his third-strike dismissal, we deny Dahne's motion.[1]

# I

As an inmate at the Stafford Creek Corrections Center, Richey filed a grievance on November 11, 2011, alleging that a guard denied him his "right to yard, a shower, and clean underwear."[2] Richey alleged that he did not know the guard's name and that he described her "accurately" as an "extremely obese Hispanic female guard." The grievance was returned to Richey with a note to "Rewrite- appropriately. Just stick to the issue of what happened, when, who was involved." Richey submitted a revised grievance on November 17, 2011, containing similar allegations and similar references to the guard's weight, with the words "who," "when," and "what happened" inserted into the narrative. The grievance was again returned to him with an order to "Rewrite as directed. Hispanic Female is adiquit [sic]. Extremely Obese is unnecessary and inappropriate."

---

[1] In a memorandum disposition filed jointly with this opinion, we also reverse the district court's dismissal of Richey's lawsuit for failure to state a claim and we remand for further proceedings.

[2] On appeal from dismissal for failure to state a claim, we "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (citation omitted).

Rather than rewrite the grievance, Richey wrote a kite[3] to the grievance coordinator on November 28, 2011, asking for clarification of the word "adiquit"and explaining that his description of the guard's weight was "necessary and appropriate in helping him identify her," as he did not know her name. He asked the coordinator "not to punish [him] by rejecting [his] grievance because [the coordinator] disagreed with [his] choice of language." When Richey did not receive a response, he wrote another kite on December 7 asking "ARE YOU GOING TO PROCESS MY PROPERLY SUBMITTED GRIEVANCE OR WHAT? I'M NOT REWRITING IT SO DO YOUR JOB AND PROCESS IT." Dahne responded in writing, "No, due to your decision not to rewrite as requested your grievance has been administraitevly [sic] withdrawn."

Seeking damages, Richey sued Dahne pro se for violating his First Amendment right "to redress grievances and to be free of retaliation" and "for violating [his] freedom of speech." The district court dismissed Richey's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, ruling that Richey "provide[d] no authority for the proposition that insulting a prison guard is protected conduct" and "failed to allege that his right to redress his grievances ha[d] been chilled by the official's refusal to accept his offensive grievance." The district court also revoked Richey's IFP status at that time.

Richey filed a timely notice of appeal and moved for IFP status on appeal. A motions panel granted the motion, stating that its "review of the record indicates that appellant is

---

[3] In prison terminology, a kite is a form used by prison inmates to communicate with staff.

entitled to proceed in forma pauperis" under 28 U.S.C. § 1915(a). After Richey was appointed pro bono counsel and briefing was completed, Dahne moved to revoke Richey's IFP status under the "three strikes" provision of the PLRA. *See* 28 U.S.C. § 1915(g).

## II

A litigant generally qualifies for IFP status if he"is unable to pay [filing] fees or give security therefor." 28 U.S.C. 1915(a)(1). Congress passed the Prison Litigation Reform Act in 1996 to "reduce the quantity and improve the quality of prisoner suits," instituting several reforms to prevent prisoners from filing meritless claims in the federal court system. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). One reform was the introduction of a "three strikes" rule that bars prisoner litigants from receiving IFP status in a civil action or appeal

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Dahne argues that Richey does not qualify for IFP status because Richey received four strikes before filing this appeal on December 17, 2012: dismissal of the complaint in *Richey v. Thaut*, No. C11-5680 (W.D. Wash. Mar. 26, 2012) (*Thaut*

*I*); dismissal of another civil complaint, *Richey v. Thaut*, No. C11-5755 (W.D. Wash. May 16, 2012) (*Thaut II*); dismissal of the appeal in that case, *Richey v. Thaut*, No. 12-35632 (9th Cir. Nov. 15, 2012) (*Thaut III*); and the district court's dismissal of the complaint in this case. "[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

We review de novo the "interpretation and application" of the PLRA's three strikes provision. *Id.* at 1118. This includes de novo review of whether a district court correctly issued a strike under the PLRA in a prior case. *See id.* at 1120–21 (declining to accept district court's characterization of a prior dismissal as a strike); *Belanus v. Clark*, 796 F.3d 1021, 1032 & n.3 (9th Cir. 2015) (Fernandez, J., concurring in part and dissenting in part). Reviewing the dismissals that Dahne claims constitute "strikes" against Richey, we conclude that Richey has not received "three strikes" and is thus entitled to IFP status.

## A. *Richey v. Thaut*, No. C11-5680 (W.D. Wash. Mar. 26, 2012) (*Thaut I*)

*Thaut I* was a civil complaint containing allegations similar to this case: Richey submitted a grievance for being denied his right to shower by an "extremely obese female Hispanic guard," but when Thaut asked Richey to rewrite the grievance without "objectionable language," Richey sued instead. The magistrate judge determined that Richey did not exhaust his administrative remedies because he "simply failed to follow the prescribed procedure and failed to amend his

grievance when he was asked to do so," recommending dismissal without prejudice and "that the dismissal count as a strike." The magistrate judge reasoned that Richey's failure to exhaust rendered his claim "frivolous" because Richey was "very familiar with the prison grievance system and the requirements for pleading a civil rights action." The district court summarily adopted the magistrate judge's recommendation.

On appeal, we affirmed the dismissal of *Thaut I*, *see Richey v. Thaut*, 509 F. App'x 659 (9th Cir. 2013), but the panel did not follow the magistrate judge's reasoning. Instead, we relied on an alternate argument, holding that "[t]he district court did not clearly err in finding that Richey was required to appeal the non-grievability determination to the grievance program manager and failed to do so."[4] *Id.* at 660. That we declined to follow the magistrate judge's reasoning raises a question about its correctness; notably, we did not assess a strike on appeal.

Additionally, when the magistrate judge here—incidentally the same magistrate judge as in *Thaut I*—was presented with a similar fact pattern, she did not rely on the same reasoning as she did in *Thaut I*. Instead, she recommended dismissal on exhaustion grounds for reasons similar to our decision affirming *Thaut I* on appeal: that Richey "did nothing to advance his complaint that Defendant

---

[4] Thaut's brief on appeal primarily echoed the magistrate judge's conclusion that Richey needed to file an amended grievance before suing, but our conclusion was based on an alternative argument that Thaut mentioned only in passing: that Richey "had the opportunity to request review of his second grievance that was found not grievable to the Grievance Program Manager," but "chose not to avail himself of this procedure." *But see note 5, infra*.

Dahne had refused to 'process his grievance for no good reason.'" She also characterized this suit as "frivolous" and recommended it count as a strike. The district court did not adopt her recommendation, however—the district judge expressed hesitation about the correctness of the magistrate judge's ruling[5] and requested additional briefing on the exhaustion issue. Dahne then withdrew his motion to dismiss for failure to exhaust administrative remedies.

Because subsequent judges—including the magistrate judge herself in a later case—did not follow the reasoning by which the magistrate judge dismissed *Thaut I* for non-exhaustion, we conclude that reasonable judges may differ about the merits of her conclusion. The dismissal in *Thaut I* was not a strike for frivolousness. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining frivolousness under the IFP statute as having no legal issues "arguable on their merits") (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

Nor can the dismissal in *Thaut I* be considered a strike for "fail[ure] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), i.e., dismissal under Fed. R. Civ. P. 12(b)(6). *See Andrews*, 398 F.3d at 1121 (equating § 1915(g) with Rule 12(b)(6)). The magistrate judge in *Thaut I* treated the motion to dismiss for failure to exhaust administrative remedies as "an unenumerated 12(b) motion," following

---

[5] While our decision *Richey v. Thaut*, 509 F. App'x 659 (9th Cir. 2013), concluded that "[t]he district court did not clearly err in finding that Richey was required to appeal the non-grievability determination to the grievance program manager and failed to do so," *id.* at 660, the record in this case showed that under the prison's policies, a "request for rewriting . . . can not be appealed to the Grievance Program Manager."

*Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). We later overruled *Wyatt* en banc, clarifying that "failure to exhaust is more appropriately handled under the framework of the existing rules," such as Rule 12(b)(6) and Rule 56 summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014). If the district court "consider[s] evidence submitted by the parties in reaching its decision, we construe the district court's order as a grant of summary judgment on the issue of exhaustion." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015); *see also Albino*, 747 F.3d at 1166.

In *Thaut I*, failure to exhaust was not "clear on the face of the complaint," *Albino*, 747 F.3d at 1166, and the magistrate judge considered a declaration about the prison grievance system submitted by defendant Thaut when making her decision. *Thaut I* was therefore not dismissed for failure to state a claim, but was rather a grant of summary judgment to the defendant. Consequently, it was not a strike under the PLRA.

**B. *Richey v. Thaut*, No. C11-5755 (W.D. Wash. May 16, 2012) (*Thaut II*)**

In *Thaut II*, Richey filed a grievance after he was charged for envelopes that he never received. Thaut rejected the grievance because Richey "did not provide an invoice number for the order of envelopes." When Richey resubmitted the grievance with the explanation that he did not have the number because he did not have a receipt, Thaut classified his grievance as "withdrawn." But Richey then submitted a separate grievance on the same matter that was accepted and resulted in Richey being refunded, so the district court ruled

that Richey failed to state a plausible claim that Thaut violated his right to file grievances. This ruling was correct, and it was Richey's first strike under the PLRA.

### C. *Richey v. Thaut*, No. 12-35632 (9th Cir. Nov. 15, 2012) (*Thaut III*)

Richey then appealed the dismissal of *Thaut II* to us. A motions panel determined that the appeal was frivolous and declined to grant Richey IFP status. The panel did not dismiss the appeal, however—it instead stated that Richey could still "pursue this appeal despite the court's finding that it is frivolous" if he paid the filing fee, noting that "[o]therwise, the appeal will be dismissed by the Clerk for failure to prosecute, regardless of further filings." Richey's appeal was then dismissed four weeks later "for failure to pay the docketing/filing fees in this case."

In *O'Neal v. Price*, 531 F.3d 1146 (9th Cir. 2008), we held that "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *Id.* at 1153 (alteration in original). *O'Neal*'s reasoning applies equally to the situation in *Thaut III*, as we rejected Richey's request for IFP status because the appeal was frivolous even though we did not dismiss the appeal until later when Richey did not pay the filing fee. The dismissal of the appeal in *Thaut III* was Richey's second strike.

**D. The dismissal of the complaint in this case**

Dahne argues that Richey received an additional strike when the district court dismissed the lawsuit at issue here for failure to state a claim. Dahne cites the Supreme Court's recent decision in *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). In *Coleman*, a prisoner had already received two strikes when a third complaint was dismissed for failure to state a claim, and he appealed that dismissal. *Id.* at 1762. While that appeal was pending, the prisoner filed multiple other lawsuits and moved to receive IFP status while doing so. *Id.* The Supreme Court concluded that the prisoner was not entitled to IFP status in those successive suits, holding that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Id.* at 1763. The Court, however, left open the question presented here: whether a prisoner is entitled to IFP status on "appeal from the trial court's dismissal of [a] third complaint instead of [in] an attempt to file several additional complaints. *Id.* at 1764–65.**[6]** We conclude that a prisoner is entitled to IFP status while appealing his third-strike dismissal.

The Supreme Court in *Coleman* based its holding on "the plain language of" § 1915(g), stating that "[l]inguistically

---

**[6]** Prior to *Coleman*, the law in this circuit was that "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal," i.e., "'the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not.'" *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011)). *Silva*'s holding does not survive *Coleman*.

speaking, we see nothing about the phrase 'prior occasions' that would transform a dismissal into a dismissal-plus-appellate-review." *Id.* at 1763. The United States argued as amicus curiae in *Coleman*, however, that "[t]he phrase 'prior occasions' is most sensibly read as referring to strikes imposed in prior-filed suits, not to those imposed in an earlier stage of the same suit." Brief for the United States as Amicus Curiae Supporting Respondents, Coleman v. Tollefson, 135 S. Ct. 1759 (2015) (No. 13-1333), 2015 WL 272362, at *25.; *see also Coleman*, 135 S. Ct. at 1765 (noting the Solicitor General's argument that "a trial court dismissal qualifies as a strike only if it occurred in a prior, *different*, lawsuit" (emphasis in original)).

We agree with the Solicitor General's interpretation of § 1915. The Supreme Court's holding in *Coleman* was based in part on "the way in which the law ordinarily treats trial court judgments." 135 S. Ct. at 1764. While judgments are immediately preclusive as to successive suits, *see id.*, they are certainly not preclusive to the panel on appeal. Denying IFP review of a district court's third strike dismissal would prevent us from performing our "appellate function" and would "freeze out meritorious claims or ossify district court errors." *Henslee v. Keller*, 681 F.3d 538, 543 (4th Cir. 2012) (citations omitted). Furthermore, the Supreme Court's statement in *Coleman* that a prisoner could refile his fourth lawsuit IFP if his third strike were reversed on appeal, 135 S. Ct. at 1764, would be of no consolation if a prisoner could not appeal the erroneously-issued third strike IFP. And the Court's concern in *Coleman* that a dismissal-plus-appellate-review rule would "produce a leaky filter" allowing a prisoner to file many frivolous lawsuits while his third strike dismissal was pending on appeal, *id.*, is not implicated here,

as the prisoner retains IFP status only for the appeal of his third strike.

The facts of this case exemplify why § 1915(g) should be construed as allowing appellate review of a third strike. As explained in the jointly-filed memorandum disposition, the district court erred in dismissing Richey's complaint. If Richey was not entitled to IFP status on appeal, he would have to pay the filing fee for us to reverse the district court's erroneous third strike, which would ironically make him eligible again for IFP status in successive suits. We do not think that Congress intended such a peculiar system.

We hold that dismissal of the complaint in the action underlying this appeal does not constitute a "prior occasion" under the PLRA, and Richey had not accumulated a third strike before he filed this appeal. Dahne's motion to revoke Richey's IFP status on appeal is **denied**.