**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY LOUIS GARROTT, | No. 14-35804 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00133-SAB |
| v. | |
| JOHN/JANE DOE, (B-Unit); et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Washington state prisoner Rodney Louis Garrott appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging denial of

his right to access the courts.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

n.3 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment because Garrott failed to raise a genuine dispute of material fact as to whether defendants' actions caused the dismissal of Garrott's prior case. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference, as opposed to affirmative assistance, with any prisoner lawsuit), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Moreover, Garrott's appeal in his prior case was decided on the merits, and thus Garrott failed to raise a genuine dispute of material fact as to whether he suffered an actual injury. *See id.*

The district court did not abuse its discretion in denying Garrott's motions to compel because the denial of the motions did not result in actual and substantial prejudice, as the discovery he sought would not prevent summary judgment. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review for denial of motion to compel discovery and explaining that trial court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Garrott's motion for

a continuance of summary judgment so he could conduct further discovery because Garrott failed to carry his burden to "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *see also Tatum*, 441 F.3d at 1100 (setting forth standard of review). Moreover, the record reflects that the district court granted Garrott two extensions to conduct discovery.

Garrott's requests, filed on November 7, 2014 and February 25, 2016, are denied as moot.

**AFFIRMED.**