**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN A. CHERRY, | No. 16-35921 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-00271-EJL-REB |
| v. | |
| DEWAYNE SHEDD; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Idaho state prisoner Stephen A. Cherry appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging an access-to-

courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Cherry's access-to-courts claim against defendant Higgins because Cherry failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of defendant Higgins's misplacement of his legal materials. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires the plaintiff to show that the defendants' conduct caused actual injury to a non-frivolous legal claim); *see also Silva v. DiVittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011) (discussing access-to-courts claims arising from "active interference"), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

**AFFIRMED.**