NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TROY ALJENE SCOTT, AKA Troy Algene Scott, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOHN SUTTON; et al., <br><br> Defendants-Appellees. | No. 18-15103 <br><br> D.C. No. 1:17-cv-00710-DAD-MJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Former California state prisoner Troy Aljene Scott, AKA Troy Algene Scott,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

action alleging various constitutional claims related to a housing reassignment

while in prison.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Scott's due process claims related to his transfer because Scott failed to allege facts sufficient to show that the transfer to a higher level security housing unit imposed an "atypical and significant hardship [on him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (there is generally no liberty interest in being housed in a particular correctional facility or unit); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation." (emphasis omitted)).

The district court properly dismissed Scott's Eighth Amendment claim because Scott failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to Scott's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.").

The district court properly dismissed Scott's access-to-courts claims because Scott failed to allege facts sufficient to show that he suffered an actual injury as a

18-15103

result of defendants' conduct. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04

(9th Cir. 2011) (requiring facts showing actual injury in order to state a First

Amendment access-to-courts claim), *overruled on other grounds as stated in*

*Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see also Lewis v. Casey*,

518 U.S. 343, 351 (1996) (prisoner must show that the deficiencies in the prison's

legal assistance hindered his efforts to pursue a nonfrivolous legal claim).

**AFFIRMED.**