**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD HUNT, | No. 17-35775 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05125-EFS |
| v. | |
| ISRAEL R. GONZALEZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted October 22, 2018**

Before:   SILVERMAN, GRABER, and GOULD, Circuit Judges.

Washington state prisoner Donald Hunt appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional claims related to prison law library access and resources.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo cross-motions for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment. *Guatay Christian Fellowship v. County of San Diego,* 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Hunt's access-to-courts claim because Hunt failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of defendants' conduct. *See Silva v. Di Vittorio,* 658 F.3d 1090, 1102-04 (9th Cir. 2011) (requiring facts showing actual injury in order to state a First Amendment access-to-courts claim), *overruled on other grounds as stated by Richey v. Dahne,* 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see also Lewis v. Casey,* 518 U.S. 343, 351 (1996) (prisoner must show that the deficiencies in the prison's legal assistance hindered his efforts to pursue a legal claim).

The district court properly granted summary judgment on Hunt's free speech claims based on the prison's regulations regarding calendars, compact discs, and carbon paper because Hunt failed to raise a genuine dispute of material fact as to whether the regulations are not reasonably related to legitimate penological interests. *See Turner v. Safley,* 482 U.S. 78, 89-91 (1987) (explaining four-factor test to analyze validity of regulations that impinge on an inmate's First Amendment rights).

The district court properly granted summary judgment on Hunt's retaliation claims because Hunt failed to raise a genuine dispute of material fact as to whether

defendants took any adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Hunt's deliberate indifference claim because Hunt failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Hunt's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.").

To the extent that Hunt contends that defendants improperly reviewed or limited his grievances, the district court properly granted summary judgment because there is no constitutional right to a particular type of grievance review. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

**AFFIRMED.**