NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>   Plaintiff-Appellant,<br><br>   v.<br><br>GILLOTE, Sgt.; et al.,<br><br>   Defendants-Appellees. | No. 16-15716<br><br>D.C. No. 3:14-cv-03727-HSG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 3, 2018**

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Shawncey Blake, a former inmate in Santa Clara County jail, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation and violation of his right to access the courts. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262,

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1267 (9th Cir. 2009).  We affirm.

The district court properly granted summary judgment on Blake's First Amendment retaliation claim.  Blake failed adequately to support his assertion that his punishment for knowingly violating a lawful direct order did not serve a legitimate penological goal.

Rule 2011 of the Santa Clara Department of Corrections Inmate Rules of Conduct requires inmates to obey all lawful orders from custody staff.  Blake admits he violated a direct order from Sgt. Gillotte.  As contended by the Appellees, Rule 2-11 is the "foundation" of their department's ability to maintain control of their population.  A custodial institution's ability to control its inmates indisputably serves a legitimate penological purpose.  *See id.* at 1269 (elements of a retaliation claim in the prison context); *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979) (preserving order and discipline is a legitimate goal of a correctional institutional).

The district court properly granted summary judgment on Blake's access-to-courts and to litigate claims because Blake failed to raise a genuine dispute of material fact as to whether defendants' actions caused the dismissal of his prior action.  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference with any prisoner lawsuit), *overruled on other grounds Richey*

*v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

The district court properly granted summary judgment on Blake's right-to-petition claim because Blake failed to raise a genuine dispute of material fact as to his argument that the relevant prison regulations concerning medical records and grievances did not advance legitimate correctional goals. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (setting forth claim for right to petition the government for redress of their grievances).

The district court did not abuse its discretion in denying Blake's request for judicial notice of an internal affairs letter. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and acceptable matters for judicial notice).

**AFFIRMED.**

16-15716