**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7117**

DAVID MEYERS,

Plaintiff - Appellant,

v.

HAROLD CLARKE, Director; F.B.I.; D.O.J.; U.S. DISTRICT COURT; CONRAD, U.S. Judge; R. BALLOU; C. DUDLEY; DR. LAURENCE WANG; R. STOOTS; B. ALVIS; B. DYE; R. BISHOP; S. SIMONS; J. D. BENTLEY; J. FANNIN; C.R. STANELY; WALTER SWINEY; OFC. GWEN; D. TATE; F. STANELY; A. CLEVINGER; D.C. STALLARD; PAUL HAYMES; A. ROBINSON; M.L. COUNTS; WESTERN REGIONAL PREA ANALYST; J. KING,

Defendants - Appellees.

**No. 18-7120**

DAVID MEYERS,

Plaintiff - Appellant,

v.

HAROLD CLARKE, Director; W. SWINEY; A. ROBINSON; PAUL HAYMES; DIRECTOR OF FEDERAL BUREAU OF INVESTIGATIONS; J. BENTLEY,

Defendants - Appellees.

DAVID MEYERS,

            Plaintiff - Appellant,

      v.

HAROLD CLARKE, Director; A. ROBINSON, Deputy Director; PAUL HAYMES, Chief of DOC-S14; WALTER SWINEY; HENRY PONTON; MARCUS ELAM, Regional Administrator; A. GALIHAR; J. FANNIN, Investigator; J. D. BENTLEY, Investigator; J. KING; J. KISER; J. ARTRIP; KEITH DAWKINS,

            Defendants - Appellees.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, District Judge.  (7:18-cv-00273-JPJ-PMS; 7:18-cv-00371-JPJ-PMS; 7:18-cv-00379-JPJ-PMS)

Submitted: March 26, 2019                              Decided:  April 11, 2019

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Nos. 18-7117 and 18-7120 affirmed; No. 18-7123 affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

David Meyers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, David Meyers, a Virginia inmate, appeals the district court's orders sua sponte dismissing his complaints without prejudice. Meyers also appeals, in Nos. 18-7117 and 18-7120, the court's orders denying his motions for reconsideration. We affirm in part, vacate in part, and remand for further proceedings.

In No. 18-7117, Meyers appeals the district court's order dismissing his complaint and denying his motion for reconsideration because he failed to allege that he was under imminent danger of serious physical harm. It is undisputed that Meyers has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. Accordingly, Meyer cannot proceed with his civil rights action without prepayment of filing fees unless he shows that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g) (2012).

We review the district court's decision de novo. *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). We note that the imminent danger "must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The inmate must allege "ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id*. We agree with the district court that Meyers failed to show that he was in imminent danger of serious physical injury. Accordingly, we affirm the court's orders dismissing the complaint and denying reconsideration.

In Nos. 18-7120 and 18-7123,[1] the district court dismissed Meyers' claim, raised in both complaints, that he was served stale honey buns on July 11, 2018, ruling that it was apparent from the complaint that Meyers failed to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a) (2012). Given the date of the event and the date Meyers signed the complaints, we cannot join the court in this conclusion based solely on the relevant dates. We may affirm on any ground that appears in the record, however, even if it was not relied on by the district court. *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015). To prevail on an Eighth Amendment claim challenging the conditions of confinement, the inmate must at least show a sufficiently serious deprivation of "a basic human need." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). "Only extreme deprivations are adequate" to satisfy this element. *Jehovah v. Clarke*, 798 F.3d 169, 181 (4th Cir. 2015) (internal quotation marks omitted). Meyers alleged that he received stale and moldy honey buns. We conclude that this does not qualify as a deprivation of a basic human need and deem this claim frivolous. *See* 28 U.S.C. § 1915(e)(2) (noting that court may dismiss claim at any time if deemed frivolous). Accordingly, we affirm the district court's dismissal of this claim on alternate grounds.

In No. 18-7120, the district court concluded that, because Meyers signed his complaint on July 20, 2018, he could not have exhausted his administrative remedies for

---

[1] The district court dismissed the underlying complaints in these cases in part because some of Meyers' claims were duplicative of claims Meyers filed in another complaint. On appeal, Meyers has waived review of this finding because he failed to raise the issue in his informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (noting that court's review is limited to issues raised in informal brief).

those claims occurring on July 19 and July 20, 2018. Accordingly, the court dismissed the complaint for failure to exhaust as to those claims. A prisoner is required to exhaust administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *Battle v. Ledford*, 912 F.3d 708, 711 (4th Cir. 2019). "[U]nexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). A dismissal for failure to exhaust administrative remedies is reviewed de novo. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Because failure-to-exhaust is an affirmative defense raised by the defendant, the inmate need not demonstrate exhaustion in the complaint. *Id.* Nevertheless, in "rare" cases, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Id.* We affirm that portion of the court's final order at issue in No. 18-7120, concluding that Meyers could not have exhausted his administrative remedies concerning the claims occurring on July 19 and July 20, 2018. We also affirm the court's order denying reconsideration.

In No. 18-7123, the district court also summarily dismissed those claims rising out of events occurring on July 19 and July 20, 2018, for failure to exhaust administrative remedies. Here, Meyers' complaint was signed July 28, 2018. There is nothing in the record concerning the inner workings of the Virginia Department of Corrections' grievance procedure or in Meyers' complaint that shows with certainty that Meyers could not have exhausted administrative remedies in eight days. Because it is not apparent on

5

the face of the complaint that Meyers did not exhaust administrative remedies, we must vacate that portion of the district court's order and remand for further proceedings.[2]

Accordingly, we affirm the district court's orders in No. 18-7117. As to Meyers' claim, raised in the complaints at issue in Nos. 18-7120 and 18-7123, that he was served stale and moldy honey buns, we affirm on alternate grounds, as discussed *supra*. As to Meyers' claims that were dismissed as duplicative by the court in Nos. 18-7120 and 18-7123, we affirm because Meyers fails to raise this issue on appeal. Regarding Meyers' claims concerning events occurring on July 19 and July 20, 2018, that were raised in the complaint at issue in No. 18-7120, we affirm the court's finding that it was apparent from Meyers' July 20, 2018, complaint that he failed to exhaust administrative remedies. As to the court's dismissal in No. 18-7123 of claims concerning events occurring on July 19 and July 20, 2018, for failure to exhaust administrative remedies, we vacate and remand for further proceedings. We deny Meyers' motions for a transcript of proceedings at Government expense, to seal the case, and to subpoena all grievances. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*Nos. 18-7117 and 18-7120 AFFIRMED;*
*No. 18-7123 AFFIRMED IN PART,*
*VACATED IN PART AND REMANDED*

---

[2] Our decision has no bearing on whether Meyers has actually exhausted administrative remedies.