**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | No. 18-16782 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03664-GMS-DMF |
| v. | |
| GRIJALVA, an administrator, SCC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Matthew James Griffin, a Hawaii state prisoner formerly incarcerated in

Arizona, appeals pro se from the district's judgment dismissing his 42 U.S.C.

§ 1983 action alleging access-to-courts claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011).  We reverse and remand.

The district court dismissed Griffin's action for failure to state a claim. However, Griffin alleged that at Saguaro Correctional Center ("SCC"), he was denied both physical access to SCC's law library and legal assistance, and he was instead required to use a paging system in order to obtain access to legal materials. He also alleged that his requests for legal materials through the paging system were denied, and that his legal property was withheld and he was able to access it only once.  These allegations, liberally construed, are "sufficient to warrant ordering [defendants] to file an answer."  *Wilhem v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011) (discussing access-to-courts claims arising from "active interference"), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *Toussaint v. McCarthy*, 801 F.2d 1080, 1109-10 (9th Cir. 1986) (paging system that replaces a prisoner's physical access to the law library fails to provide prisoner with a meaningful chance to explore his legal remedies; the state must either provide prisoners with access to a law library or legal assistance), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Griffin's motion to hear the appeal on the original record (Docket Entry No.

11) is granted.

**REVERSED and REMANDED.**