NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM CURRY, JR., | No. 18-36098 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-06010-RJB |
| v. | |
| TAMMY BOYLAN, Mail Room; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Washington pretrial civil detainee William Curry, Jr. appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations relating to his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Curry's access-to-courts claim because Curry failed to raise a genuine dispute of material fact as to whether defendants actively interfered with his habeas petition. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (a prisoner has a right to litigate claims "without active interference by prison officials"), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

The district court properly granted summary judgment on Curry's retaliation claim because Curry failed to raise a triable dispute as to whether defendants took an adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a retaliation claim under § 1983).

The district court properly granted summary judgment on Curry's equal protection claim because Curry failed to raise a triable dispute as to whether he was intentionally treated differently from others similarly situated. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (elements of an equal protection "class of one" claim).

The district court did not abuse its discretion by denying Curry's motion to compel discovery because Curry failed to include a certification that he conferred or attempted to confer with defendants. *See* Fed. R. Civ. P. 37(a)(1) (motion to

2                                                                                              18-36098

compel discovery must include a certification that the movant conferred or attempted to confer with the opposing party); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review).

Contrary to Curry's contention, the district court did not err by allowing the Attorney General to represent defendants. *See* Wash. Rev. Code §§ 4.92.060, 4.92.070 (discussing circumstances under which a state officer is entitled to the Attorney General's legal representation).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-36098