**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLDO ANTONIO GARCIA, | No.   15-55129 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02533-MWF-AN |
| v. | |
| JEH CHARLES JOHNSON, as Secretary of Homeland Security; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 2, 2021
San Francisco, California

Before:  BALDOCK,** WARDLAW, and BERZON, Circuit Judges.

Arnoldo Antonio Garcia appeals a district court order dismissing his action,
brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics*, 403 U.S. 388 (1971), against the Secretary of Homeland Security, the

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Bobby R. Baldock, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Panel

Acting Director of the Bureau of Immigration and Customs Enforcement ("ICE"), the Assistant Field Office Director responsible for the Adelanto Detention Facility, and various John Doe officers from the Adelanto Detention Facility. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.[1]

1.      The district court erred by concluding it lacked jurisdiction over Garcia's *Bivens* claim. "It is clear that district courts do have jurisdiction over *Bivens* actions," even in cases where the plaintiff ultimately cannot state a cause of action. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 563 (9th Cir. 1994). *Bivens* actions "are brought against employees of the federal government in their individual capacities and are brought to redress violations of citizens' constitutional rights" and thus fall "firmly within the subject matter jurisdiction of the district courts." *Id.*

2.      In its form disposition the district court also dismissed Garcia's complaint as frivolous, malicious, or failing to state a claim upon which relief may be granted. Garcia's complaint was not malicious or frivolous, but it did fail to state a claim. Garcia alleged that ICE did not permit him to leave its custody to attend state court proceedings and as a result Garcia was unable to withdraw his plea in a criminal case. There is a "fundamental constitutional right of access to

---

[1] This case was previously consolidated with *Garcia v. Garland*, 14-72775. We now sever the cases for the purpose of disposition.

the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The facts Garcia alleged suggest his right to access the courts may have been violated. However, that right arises under the First and Fourteenth Amendments. *See e.g.*, *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Garcia's complaint did not mention the right to access the courts or either relevant constitutional amendment. Instead, Garcia alleged that ICE's actions deprived him "of his liberty and his freedom from personal harm" under the Fifth and Sixth Amendments. Garcia's complaint thus failed to state a claim even under the liberal construction afforded pro se filings. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

3.     The district court erred by not giving Garcia leave to amend his complaint. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). While Garcia's complaint failed to state a claim, it was not "absolutely clear" that its faults were incurable. He alleged sufficient facts to show a potential constitutional violation. With proper judicial guidance, he could have revised the complaint to allege a violation of his right to access the courts under the proper constitutional amendments. Additionally, to the extent the

3

district court was concerned that the complaint sought monetary damages against defendants who are immune, Garcia could have named individual ICE officers. Finally, as to whether a *Bivens* action would lie under the standards of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), those standards are situation-specific and legally complex, so their applicability can only be determined once an otherwise proper complaint has been filed.

Because the district court erred in concluding it lacked jurisdiction and failing to allow Garcia leave to amend his complaint, we **REVERSE and REMAND** for further proceedings consistent with this disposition.