**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK PICKLE,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>KOHUT, Doctor; MELISSA, Montana Dept. of Corrections Medical Director; MOORE, Doctor; BEN, Director of Nurses; ALL MEMBERS OF THE MONTANA STATE PRISON MEDICAL REVIEW BOARD; ROD JOHNSON; DIRECTOR, Montana Department of Corrections; SANDY SHAFFER; MISTY, Nurse,<br><br>             Defendants-Appellees. | No.   20-35595<br><br>D.C. No. 6:18-cv-00029-BMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 29, 2021**
San Francisco, California

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Montana prisoner Frank Pickle appeals the district court's grant of summary judgment in favor of the Montana Department of Corrections ("MDC") officials in this action. We affirm.

The district court properly granted summary judgment for the MDC officials on Pickle's deliberate indifference claims under the Eighth Amendment to the United States Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The undisputed evidence shows that the MDC officials' decisions regarding surgeries and medications were medically acceptable under the circumstances and not chosen in conscious disregard of a risk to his health. Pickle's personal disagreement with those medical decisions does not amount to evidence of deliberate indifference. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The district court also properly granted summary judgment in favor of the MDC officials on Pickle's access to the courts claim under the First Amendment to the United States Constitution. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see also Lewis v. Casey*, 518 U.S. 343, 348–49,

116 S. Ct. 2174, 2178–79, 135 L. Ed. 2d 606 (1996). The record lacks evidence indicating that any of the MDC officials' alleged actions impeded Pickle's ability to litigate this or any other action. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 n.2 (9th Cir. 1995); *see also Christopher v. Harbury*, 536 U.S. 403, 413–14, 122 S. Ct. 2179, 2186, 153 L. Ed. 2d 413 (2002).

We decline to review Pickle's sexual assault and harassment claims because he did not properly raise them in the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

In light of our disposition, we deny Pickle's pending motions.

**AFFIRMED.**