**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN T. HAWKINS, AKA Ket T.
Hawkins,

        Plaintiff-Appellant,

v.

BENJAMIN B. WAGNER, US Attorney;
SCOTT W. MCGREGOR, US Attorney;
TODD A. PICKLES, Assistant US
Attorney; MATTHEW THUESEN,
Assistant US Attorney; LAURA WHITE,
Former Executive Assistant US Attorney;
KYLE F. REARDON; DEREK
STIGERTS, Sacramento Police
Department Detective; MINERVA
SHELTON, FBI Special Agent; RENEE
M. BASURTO, Pre-Trial Service Officer;
NISHA MODICA, US Probation Officer;
CAMIL SKIPPER; SACRAMENTO
COUNTY JAIL; SCOTT JONES, Sheriff,

        Defendants-Appellees.

No. 21-17099

D.C. No. 2:20-cv-02549-LHR

MEMORANDUM[*]

FILED

SEP 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Appeal from the United States District Court
for the Eastern District of California
Lee H. Rosenthal, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted September 18, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Kevin Hawkins appeals pro se from the district court's dismissal with prejudice of his action alleging civil rights violations arising from his criminal prosecution and detention. *See* 28 U.S.C. § 1915(e)(2)(B). Reviewing de novo,[1] we affirm in part, reverse in part, and remand.

The district court did not err in granting absolute immunity to some[2] of the federal prosecutor defendants. *See Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Hawkins' allegations squarely challenge the Prosecutor Defendants' actions in evaluating evidence, preparing to present that evidence at trial or to the grand jury, and making that presentation—all actions for which they are entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–74, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). Likewise,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[2] Specifically, Benjamin Wagner, Scott McGregor, Laura White, Kyle Reardon, Todd Pickles, and Matthew Theusen (collectively, the Prosecutor Defendants). This group excludes Appellate Chief Camil Skipper; claims against her are addressed separately.

the district court did not err in dismissing Hawkins' claims against Agent Minerva Shelton arising from her trial testimony, for which she is entitled to absolute immunity. *See Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015).

However, the district court erred in dismissing the claims against Probation Officer Nisha Modica and Pretrial Services Officer Renee Basurto. The district court should have considered whether they were "performing a duty functionally comparable to one for which officials were rendered immune at common law." *Gay v. Parsons*, 61 F.4th 1088, 1094 (9th Cir. 2023) (internal quotation marks omitted). Regardless of the identity of their employer, Basurto and Modica are not entitled to absolute immunity for "non-discretionary function[s]"[3] or actions taken in the course of investigating Hawkins' compliance with the conditions of his release.[4] On this record, we cannot say that Basurto and Modica exercised the requisite "'quasi-judicial discretion'" to avail themselves of absolute immunity. *See id.* at 1188–89. Thus, we reverse the dismissal of Hawkins' claims against Basurto and Modica and remand to the district court for further proceedings.

---

[3] *Swift v. California*, 384 F.3d 1184, 1193 (9th Cir. 2004).

[4] *See id.* at 1191.

With respect to the district court's dismissal of Hawkins' remaining claims as untimely,[5] we affirm the dismissal of his claims against Detective Derek Stigerts that are based on alleged wrongdoing prior to Hawkins' indictment because those claims accrued upon his indictment. *See Wallace v. Kato*, 549 U.S. 384, 388–92, 127 S. Ct. 1091, 1095–97, 166 L. Ed. 2d 973 (2007). We also affirm the dismissal of claims against Sheriff Scott Jones arising from the conditions of Hawkins' confinement[6] and his access to the courts[7] because those claims had accrued by the time he was released from custody. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999); *see also Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000).

However, the district court erred in dismissing as untimely Hawkins' due process claims sounding in fabrication of evidence and malicious prosecution. *See Bradford v. Scherschligt*, 803 F.3d 382, 386, 388 (9th Cir. 2015). Those claims "did not accrue until the [underlying criminal] charges were fully and finally

[5] *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); *see also* Cal. Civ. Proc. Code § 335.1.

[6] *See Helling v. McKinney*, 509 U.S. 25, 31–32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016).

[7] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101–04 (9th Cir. 2011), *overruled on other grounds as recognized in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

4

resolved and could no longer be brought against him"[8]—that is, when the charges in the indictment were dismissed with prejudice in June 2020. Thus, we reverse the dismissal of Hawkins' claims against Appellate Chief Camil Skipper and his remaining claims against Agent Shelton, Sheriff Jones, and Detective Stigerts.

The parties shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[8] *Id.* at 388–89; *see also McDonough v. Smith*, 588 U.S. 109, 114 & n.1, 139 S. Ct. 2149, 2154–55, 2154 & n.1, 204 L. Ed. 2d 506 (2019).