**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES DAVID GRIEPSMA, | No. 20-35948 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00181-RSM |
| v. | |
| CHRISTIAN J. ANDERSEN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

James David Griepsma appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising

from his pretrial detention.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2018). We affirm.

The district court properly granted summary judgment on Griepsma's Fourteenth Amendment inadequate medical care claim against Dr. Barnett because Griepsma failed to raise a genuine dispute of material fact as to whether Dr. Barnett's delay in scheduling Griepsma for appointments was objectively unreasonable. *See id.* at 1124-25 (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claim brought by pretrial detainee).

The district court properly granted summary judgment on Griepsma's access-to-courts claim against defendant Kastle because Griepsma failed to raise a genuine dispute of material fact as to whether Kastle failed to provide the required affirmative assistance when Griepsma tried to challenge his arrest, detention, and conditions of confinement, or whether Kastle actively interfered with his pursuit of civil claims. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth elements of an access-to-courts claim related to affirmative assistance and actual injury requirement); *Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (discussing requirements for an access-to-court claim related to active interference), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

The district court properly dismissed Griepsma's remaining claims against

Dr. Barnett, Kastle, and twenty-three other defendants because Griepsma failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (explaining standard of review under 28 U.S.C. § 1915A).

The district court did not abuse its discretion in denying Griepsma's motions for the appointment of counsel because Griepsma failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and explaining the "exceptional circumstances" requirement for appointment of counsel).

We reject as unsupported by the record Griepsma's contentions that the district court erred or abused its discretion by setting page limits on his filings, by declining to authorize an external medical evaluation, or by granting summary judgment without a jury trial or oral argument.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider facts or documents that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Griepsma's unopposed motions to correct spelling of certain defendants'

names (Docket Entry Nos. 4 and 53) are granted. The Clerk will revise the docket to reflect the following correct spelling for these defendants: Miriam Dominique Kastle, Harald P. Archibald, and Christian J. Andersen.

Griepsma's oversized reply brief and excerpts have been filed at Docket Entry No. 50.

All other pending motions and requests are denied.

**AFFIRMED.**